Dear Mr. Deshotel:
This office is in receipt of your opinion request concerning whether or not 911 calls made to either the Police Jury office or to the Sheriff's Office are subject to disclosure pursuant to a public records request.
This office has previously rendered an opinion concluding that tapes of 911 emergency phone calls are public records, subject to the exceptions set forth in the Public Records Act,LSA-R.S. 44:1, et seq. See attached copy of Attorney General Opinion 92-209. Accordingly, either agency must make available to you the 911 information unless it is specifically exempt under LSA-R.S. 44:3, providing:
 § 3. Records of prosecutive, investigative and law enforcement agencies, and communications districts
 A. Nothing in this Chapter shall be construed to require disclosures of records, or the information contained therein, held by the offices of the attorney general, district attorneys, sheriffs, police departments, Department of Public Safety and Corrections, marshals, investigators, public health investigators, correctional agencies, communications districts or intelligence agencies of the state, which records are:
 (1) Records pertaining to pending criminal litigation or any criminal litigation which can be reasonably anticipated, until such litigation has been finally adjudicated or otherwise settled; or
 (2) Records containing the identity of a confidential source of information or records which would tend to reveal the identity of a confidential source of information; or
 (3) Records containing security procedures, investigative training information or aids, investigative techniques, investigative technical equipment or instructions on the use thereof, or internal security information; or
 (4)(a) The records of the arrest of a person, other than the report of the officer or officers investigating a complaint, until a final judgment of conviction or the acceptance of a plea of guilty by a court of competent jurisdiction. However, the initial report of the officer or officers investigating a complaint, but not to apply to any follow up or subsequent report or investigation, records of the booking of a person as provided in Louisiana Code of Criminal Procedure Article 228, records of the issuance of a summons or citation, and records of the filing of a bill of information shall be a public record.
(b) The initial report shall set forth:
 (I) A narrative description of the alleged offense.
 (ii) The name and identification of each person charged with or arrested for the alleged offense.
(iii) The time and date of the alleged offense.
(iv) The location of the alleged offense.
(v) The property involved.
(vi) The vehicles involved.
(vii) The names of investigating officers.
 (c) Nothing herein shall be construed to require the disclosure of information which would reveal undercover or intelligence operations.
 (d) Nothing herein shall be construed to require the disclosure of information which would reveal the identity of the victim of a sexual offense.
 (5) Records containing the identity of an undercover police officer or records which would tend to reveal the identity of an undercover police officer; or
 (6) Records concerning status offenders as defined in the Code of Juvenile Procedure.
 B. All records, files, documents, and communications, and information contained therein, pertaining to or tending to impart the identity of any confidential source of information of any of the state officers, agencies, or departments mentioned in Paragraph A above, shall be privileged, and no court shall order the disclosure of same except on grounds of due process or constitutional law. No officer or employee of any of the officers, agencies, or departments mentioned in Paragraph A above shall disclose said privileged information or produce said privileged records, files, documents, or communications, except on a court order as provided above or with the written consent of the chief officer of the agency or department where he is employed or in which he holds office, and to this end said officer or employee shall be immune from contempt of court and from any and all other criminal penalties for compliance with this paragraph.
 C. Whenever the same is necessary, judicial determination pertaining to compliance with this section or with constitutional law shall be made after a contradictory hearing as provided by law. An appeal by the state or an officer, agency, or department thereof shall be suspensive.
 D. Nothing in this Section shall be construed to prevent any and all prosecutive, investigative, and law enforcement agencies and communications districts from having among themselves a free flow of information for the purpose of achieving coordinated and effective criminal justice.
 E. Nothing in this Section shall be construed as forbidding the release of all or part of investigative files of fires classified as arson, incendiary, or suspicious unless, after consultation with the appropriate law enforcement agency, any sheriff, district attorney, or other law enforcement agency directs that the records not be disclosed because of pending or anticipated criminal adjudication.
Particularly relevant to your inquiry is the fact that the legislature has provided an avenue for the creation of a communication district under authority of LSA-R.S.33:9101, et seq., which provisions state, in pertinent part:
 § 9101. Creation of districts as political subdivisions
 A. The governing authority of any parish may by ordinance create communications districts composed of any part of all of the territory lying wholly within the parish. Such district shall be political and legal subdivisions of the state, with power to sue and be sued in their corporate names and to incur debt and issue bonds. See LSA-R.S. 33:9101(A).
 * * * * *
 § 9102. Purposes
 It has been shown to be in the public interest to shorten the time required for a citizen to request and receive emergency aid. The provision of a single, primary three-digit emergency number through which emergency services can be quickly and efficiently obtained will provide a significant contribution to law enforcement and other public service efforts by simplifying the notification of public service personnel. Such a simplified means of procuring emergency services will result in the saving of life, a reduction in the destruction of property, quicker apprehension of criminals, and ultimately the saving of monies. Establishment of a uniform emergency number is a matter of concern and interest to all citizens. It is the purpose of this Chapter to establish the number 911 as the primary emergency telephone number for use in communications districts created in parishes as herein provided. See LSA-R.S. 33:9102.
 * * * * *
 § 9103. Board of commissioners; membership; qualifications; and terms; powers; parish governing authority as district governing authority
 A. When any district is created, the parish governing authority creating it may appoint a board of commissioners composed of seven members to govern its affairs, and shall fix the domicile of the board at any point within the parish. The members of the board shall be qualified electors of the district, two of whom shall be appointed for terms of two years, three for terms of three years, and two for terms of four years, dating from the date of the adoption of the ordinance creating the district. Thereafter, all appointments of the members shall be for terms of four years.
 * * * * *
 E. In lieu of appointing a commission, as provided in this Section, the parish governing authority may serve as the governing authority of the district, in which case it shall assume all the powers and duties of the board of commissioners as provided in this Chapter. See LSA-R.S. 33:9103.
It is suggested that your first inquiry might be to the police jury, to ask whether such communication district has been established, and to thereafter obtain a response to your public records request.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _______________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Received:
Date Released:
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL